IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA RAHM COOK,<br><br>Plaintiff,<br><br>v.<br><br>RAIN INTERNATIONAL, LLC. TRAVIS PARRY, and BYRON BELKA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00542-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff's Short Form Discovery Motion to Compel. Plaintiff moves the court to compel Defendant Travis Parry to respond to requests for production by "searching relevant custodians using search terms reasonably calculated to lead to responsive documents in this case." (ECF No. 127.) For the following reasons, the court grants the motion.

## BACKGROUND

This case arises from a contract dispute between Plaintiff Christina Rahm Cook (Cook) and Defendants Rain International, LLC (Rain), Travis Parry (Parry), and Byron Bleka (Belka) (collectively Defendants). Rain is a foreign LLC with its principal place of business in Orem, Utah. It is a nutrition and wellness company that sells dietary supplements and personal care products. Belka serves as the Chief Executive Officer of Rain. Parry's exact relationship to Rain is little less clear. Parry declares that he is "not and [has] never been, an officer, director, or employee of Rain International, LLC," (ECF No. 23 ¶ 3), Cook alleges that "he makes the decisions and controls Defendant Rain". (ECF No. 40 at 2).

In 2017, Cook and Rain entered into a series of Service Agreements. The parties worked together amicably for a time. After some discoveries that brought into question Cook's educational experience and background, the parties had a falling out. On June 27, 2020, Rain filed a lawsuit in the District of Utah, alleging breach of contract and fraudulent misrepresentation related to Cook's alleged misrepresentations regarding her background. Cook then filed this matter in Tennessee and it was subsequently transferred to this district.

The current dispute arises from Parry's objections to Cook's document requests. The parties take contrary positions on the scope of discovery and the nature of proper search terms to search for relevant discovery.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001).

All discovery, however, is subject to the proportionality limitations imposed by Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also

permit a court to restrict or preclude discovery, when justice requires, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

## DISCUSSION

Cook seeks an order compelling Parry to search electronically stored information using Cook's "proposal of custodians, keywords, and e-mail addresses." (ECF No. 127 at 3.) Parry argues he never agreed to employ search terms as a substitute for resolving his objections to the discovery requests. Further, Parry asserts Cook does not identify which discovery requests are at issue in this motion. Such a failure is "critical and dispositive" of the current matter. The court disagrees.

At issue in this motion is the proposal of custodians, keywords, and e-mail addresses. Cook proposes the following that is attached as Exhibit 8 to her motion.

| DATE RANGE: | January 2016-Present |
|---|---|
| CUSTODIANS: | Travis Parry; Byron Belka; Jeffrey Warwick; Casey Whitaker; Russ Cowley; Danny Scarpino; Christina Cook;4 Santiago Viguie; Danny (Manager at the 2016 Vietnam Event; Last Name Unknown); Simon (Manager at the 2016 Vietnam Event; Last Name Unknown); Cory Gallegos; Mike McClellan; Karly Chase; Jolene Young; and Alene Cardoza |

| | |
|---|---|
| SEARCH TERMS: | Christina; Rahm; Cook; Resume; CV; Curriculum Vitae; Karly; Chase; Corbo; Merci; Dupre; Wholeistic; ISNS; International Seed Nutrition Society; Predicted Health; Contract; Agreement; Fraud; Formula; Vietnam; Viet Nam; Ukraine; Malaysia; Girls; Danced; Dancing; Dancer; Call Girl; Prostitute; Sex; Fuck; Pure; Form; Bryt; Payment; Invoice; Statement |
| PARTIES: | Each and every e-mail to which the following e-mail addresses were party (to, cc, bcc, from): ccook9393@gmail.com ccook9393@qmail.com ccook@rainintl.com christinarahmcook@gmail.com drc@drchristinarahm.com ccookassistant@gmail.com drcook@tetonlabsusa.com |

(ECF No. 127-8 at 4.)

Based on the issues in this matter, the court finds Cook's proposals relevant and proportional to the needs of this case. The discovery sought is limited in time and limited as to the parties it is sought from. As such, Plaintiff's first set of discovery requests is not as broad as they appear on their face when read in context of Cook's current motion. For example, as noted by Parry, RFP No. 1 seeks "each and every document that reflects or otherwise evidences any communications about Christina to any third parties." (ECF No. 128 at 2.) While this RFP may first appear "facially overbroad and untethered from relevant issues", when read in context of Cook's proposal, the RFP would be limited by a date range, custodians, search terms, and parties as set forth above. This sufficiently narrows the requests to overcome Parry's objections.

4

## ORDER

The court GRANTS Plaintiff's discovery motion and adopts the ESI search terms as proposed by Plaintiff. The court overrules Parry's objections.

IT IS SO ORDERED.

DATED this 6 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge